1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WALTER L. COLE,                                No.  2:16-cv-2570 CKD P

12                   Plaintiff,

13          v.                                       ORDER

14    D. REAMES, et al.,

15                   Defendants.

16

17    I.  Introduction

18          Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

19    1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20    636(b)(1).

21          Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

22    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

23    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2    II.  Screening Standard

3           The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15          In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

24   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

25   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26   U.S. 232, 236 (1974).

27   III.  Discussion

28          Plaintiff names six defendants at California State Prison-Sacramento in a 114-page

2

1    complaint.  His allegations concern events between February 2014 and May 2015, including

2    claims that defendants improperly confiscated pornographic material and a radio, did not honor

3    his medical chrono for a lower bunk, harassed him until he experienced an anxiety attack, placed

4    false information in his file, and caused him to be illegally placed in Administrative Segregation.

5    Plaintiff further alleges that the officials reviewing his inmate grievances engaged in corruption

6    and the obstruction of justice.  (ECF No. 1.)

7        Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.  See

8    Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the

9    grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

10   showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only

11   "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever

12   v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action

13   are present, but are scattered throughout the complaint and are not organized into a "short and

14   plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v.

15   Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  Here, the complaint does not meet the Rule 8

16   pleading requirements.

17       Also, the complaint attempts to bring numerous unrelated claims in a single action.  Fed.

18   R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim,

19   cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many

20   claims, legal, equitable, or maritime as the party has against an opposing party."  "Thus multiple

21   claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

22   unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

23   "Unrelated claims against different defendants belong in different suits[.]"  Id.

24       For these reasons, the complaint will be dismissed.  However, plaintiff will have the

25   opportunity to file an amended complaint.

26   IV.  Leave to Amend

27       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

28   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

1  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in

2  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

3  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

4  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

5  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

6  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9  complaint be complete in itself without reference to any prior pleading.  This is because, as a

10  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

11  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

12  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

13  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14       In accordance with the above, IT IS HEREBY ORDERED that:

15       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

17  shall be collected and paid in accordance with this court's order to the Director of the California

18  Department of Corrections and Rehabilitation filed concurrently herewith.

19       3.  Plaintiff's complaint is dismissed.

20       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

21  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

22  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

23  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

24  two copies of the amended complaint; failure to file an amended complaint in accordance with

25  this order will result in dismissal of this action.

26  Dated:  December 15, 2016

27  _____

    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

28  2 / cole2570.14.new